**American BUDDHA, Plaintiff— Appellant,**

v.

**CITY OF ASHLAND; Washington Post Company, Defendants—Appellees.**

**No. 07–35721.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2009.

Filed March 30, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

Charles H. Carreon, Esquire, Online Media Law, PLLC, Tucson, AZ, for Plaintiff–Appellant.

David H. Angeli, Esquire, Hoffman Angeli LLP, Karen M. O'Kasey, Esquire, Hoffman Hart & Wagner, Portland, OR, Kevin Hardy, Esquire, Williams & Connolly, Washington, D.C., for Defendants–Appellees.

Before: GRABER, FISHER and M. SMITH, Circuit Judges.

## MEMORANDUM *

American Buddha appeals the district court's grant of summary judgment in favor of the City of Ashland ("the City") in American Buddha's lawsuit under 42 U.S.C. § 1983. Because American Buddha's lawsuit is moot, we dismiss this appeal. *See Ctr. for Biological Diversity v. Lohn,* 511 F.3d 960, 963 (9th Cir.2007) ("If an event occurs during the pendency of the appeal that renders the case moot, we lack jurisdiction.").

When City employee Richard Holbo disconnected American Buddha's modem, the City had not adopted a formal policy governing alleged copyright infringement by users of the City's fiberoptic network ("the Network"). We take judicial notice that the City has now adopted a formal written copyright infringement policy, *see United States v. Thornton,* 511 F.3d 1221, 1229 n. 5 (9th Cir.2008) (taking judicial notice of a Bureau of Prisons policy statement that was publicly available), which requires the City to comply with the notice and takedown procedures established by the Digital Millennium Copyright Act ("DMCA"), *see* Ashland Fiber Network Acceptable Use Policy, *available at http://www.ashlandfiber.net/acceptable.htm* (last visited Mar. 5, 2009) ("[The Network] will follow the procedures provided in the DMCA, which prescribe a notice and takedown procedure, subject to the webmasters [sic] right to submit a Counter-notification claiming lawful use of the disabled works.").

The City's formal written policy differs substantially from the informal practice Holbo allegedly followed in disconnecting American Buddha's modem. The informal practice required Holbo to terminate American Buddha's modem service (which disabled access to all material on American Buddha's web sites) upon receipt of a single allegation of infringement, rather than disabling access only to the allegedly infringing image. In contrast, the current formal policy authorizes City employees to disable access only to allegedly infringing material (i.e., not terminate service altogether) in response to a single allegation of infringement. *See* Ashland Fiber Network Acceptable Use Policy (providing "[the Network] will respond expeditiously [to infringement notices] by removing, or disabling access to, *the material* that is claimed to be infringing" (emphasis added)). Un-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der this policy, the City could terminate American Buddha's service only if the City establishes American Buddha violated the City's copyright infringement policy or was a repeat infringer. *See id.* (explaining that customers who violate the DMCA policy "will be subject to immediate termination" and that "repeat infringers will not be tolerated").

Although a case generally should not be considered moot when the defendant voluntarily ceases the allegedly illegal conduct in response to a lawsuit, here "there is no reasonable expectation that the illegal action will recur." *Native Vill. of Noatak v. Blatchford,* 38 F.3d 1505, 1510 (9th Cir.1994). The informal practice, which authorized the allegedly illegal conduct by the City employee, has been superseded by the formal policy. Moreover, the City is highly unlikely to revert to the informal practice, because compliance with the formal policy insulates the City from liability from lawsuits by copyright holders, which it did not enjoy under the informal practice. *See Perfect 10, Inc. v. CCBill LLC,* 488 F.3d 1102, 1109 (9th Cir.) (explaining a service provider is not eligible for "any of the four DMCA safe harbors at [17 U.S.C.] §§ 512(a)–(d)" unless it adopts, reasonably implements and informs users of a policy that provides for the termination of service for "users who repeatedly or blatantly infringe copyright"), *cert. denied,* —— U.S. ——, 128 S.Ct. 709, 169 L.Ed.2d 553 (2007). Because American Buddha seeks only prospective injunctive relief preventing the City from following the now superseded informal practice, its claim is moot. *See Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 900 (9th Cir. 2007) ("A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to

which effective relief can be granted." (internal quotation marks omitted)).

**DISMISSED.**